Ballentine *v.* Weible.

## BALLENTINE vs. WEIBLE.

The party applying for a writ of certiorari to the Common Pleas, to remove a judgment of that court on appeal from a justice, must present a certiorari bond, as is required by the 47th section of the act constituting courts for the trial of small causes. *Rev. Laws* 642.

This was a certiorari directed to the Common Pleas, to remove a judgment of that court, on an appeal from the court for the trial of small causes.

*I. H. Williamson* moved to dismiss the certiorari in this case, on the ground that no bond had been given or filed, pursuant to the statute, and cited *Rev. Laws* 642, *sec.* 47.

*J. J. Chetwood*, contra, insisted, that the act referred to, did not apply to writs of certiorari directed to the courts of common pleas, but only to such writs when issued to the courts for the trial of small causes. That this court, in virtue of its general and superintending authority, directed their writ of certiorari to the courts of common pleas, as well in matters of appeal as in other matters, where such writ was the proper remedy. He further urged, that such had been the uniform practice of this court, ever since the act establishing courts for the trial of small causes had been passed; that if bonds had been given and filed, as he admitted had been done in some instances, it was not because the judge making the *allocatur* had required such bond, but the party supposing it necessary, or from abundant caution, had voluntarily given it.

BY THE COURT. Upon looking into the statute, we are satisfied, that no writ of certiorari in a case like this, ought to be allowed, unless such bond is presented as is required by the 47th section of the act referred to. Its language is plain and peremptory. "No justice of the Supreme Court, shall grant or allow any certiorari to remove any judgment, order or proceeding, to be had *by virtue of this act*, unless the party applying for *such* certiorari, shall present," &c. The certiorari in this case, is, to remove into this court, the judgment, order and proceedings, had before the Court of Common Pleas, upon an appeal to that court from the judgment of a justice of the peace, sitting in a court for the trial of small causes. The question

then is, whether the proceedings sought to be removed by this certiorari, were had, " by virtue of " the act establishing courts for the trial of small causes? If they were, then by the very terms of that act, a bond is required.

In the first place, it was entirely and exclusively under and by virtue of that act, that the original proceedings took place before the justice ; and secondly, it was as entirely and exclusively under and by virtue of that act, that the Court of Common pleas entertained an appeal from the judgment of the justice, and took any order or proceeding thereon. Strike out the 36th and 37th sections of the act (which gives the appeal) and there can be no such proceedings before the Court of Common Pleas.

If the Court of Common Pleas had jurisdiction of appeals, independent of the statute, or if they unlawfully assumed such jurisdiction, then their proceedings would not be " by virtue of " the statute; and our certiorari would go to them as a matter of course.

It is true, the 47th section does not give the writ of certiora ri, but it regulates the terms on which it shall be allowed, when its object is to remove any proceeding had by virtue of that act. The law is imperative, and the practice of this court cannot repeal it.

Certiorari dismissed.